(C. D. 1039)

GEO. S. BUSH & CO., INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided January 9, 1947)

*Lawrence, Tuttle & Harper (George R. Tuttle* and *Frank L. Lawrence* of counsel) for the plaintiff.

*Paul P. Rao,* Assistant Attorney General (*Harold L. Grossman* and *Richard F. Weeks,* special attorneys), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

EKWALL, Judge:   In this case the plaintiff claims that the liquidation of the entries is premature, illegal, and void, because, as alleged, the United States appraiser proceeded in disregard of section 14.3 of the Customs Regulations of 1943.   Certain merchandise, consisting of parts of machines, was imported at the port of Portland, Oreg., and entry was made on the basis of the invoiced values thereof.   Subsequently, entries of what is admitted to be similar merchandise were made at the port of Seattle in the name of the same plaintiff.   The value of the merchandise on the Seattle entries was advanced by the appraiser.   The importer thereupon filed test appeals from the

appraiser's finding of value on those entries, which appeals were decided adversely to the importer (Reap. Dec. 6061). Motion for rehearing was denied (Reap. Dec. 6085). Upon review the decision of the trial judge was affirmed (Reap. Dec. 6289).

Owing to the fact that the merchandise involved in the instant case was entered prior to the time the test appeals were taken, plaintiff herein was unable to take advantage of the provisions of section 503 (b) of the Tariff Act of 1930, which permits entry to be made under a certificate of pending reappraisement—a so-called duress certificate. However, under authority of section 487 of the same act, plaintiff amended its value advancing the same to equal the value to which the appraiser had advanced the Seattle entries, and requested that the appraiser withhold appraisement. This request to withhold appraisement was in conformity with section 14.3, supra, which was derived from T. D. 49888, and instructed appraisers that they might withhold appraisements of imported merchandise pending determination of value in an appeal for reappraisement, which appeal presented all the issues in controversy for judicial determination, if certain conditions therein set forth were met. There is no dispute but that the enumerated conditions had been satisfied in the instant case.

Said section 14.3, supra, insofar as pertinent, reads as follows:

(g) If an importer is dissatisfied with the value which an examiner contemplates reporting for merchandise imported by him, and one or more appeals for reappraisement shall be promptly filed by him or by another importer which will present all the issues in controversy for judicial determination, the appraisement of other merchandise in which the same issues are involved may be withheld at the request of the importer if all the following conditions are satisfied:

* * * * * * *

(h) The withholding of appraisement shall not be continued if at any time there is any lack of diligence in preparing and prosecuting the related test case or cases, or if the proposal to prosecute a test case is abandoned.

(i) If the final decision of the court does not sustain the views of the examiner, the importer shall be permitted to amend the entered values to agree with the final appraised values in the test case or cases, provided such amendment can be accepted under the provisions of section 487, Tariff Act of 1930. * * *

Appraisement was withheld until the expiration of the statutory 30 days within which an application for review of the decision of the judge in the test case might be filed (sec. 501, Tariff Act of 1930). The appraiser apparently had no knowledge of the filing of the motion for rehearing which suspended the running of the statute. He made his appraisement in December 1944, more than a month prior to the order denying rehearing (Reap. Dec. 6085) and more than a year prior to the final decision (Reap. Dec. 6289). The collector thereupon liquidated the entries upon the basis of the appraised values. Plaintiff claims that this action on the part of the appraiser was in disregard of instructions contained in section 14.3 of the customs regulations,

*supra*, and that liquidation based on such appraisement was premature, illegal, and void. In its brief plaintiff contends that it has been deprived of the right granted by said T. D. 49888 and section 14.3, *supra*, "to amend the entered values to agree with the final appraised values in the test case," should the latter be favorable to the importer. It is noted that the final decision in the test case was rendered subsequent to the time of filing of plaintiff's brief. No appeal was taken from Reap. Dec. 6289.

Under these circumstances, there would have been no occasion for further amendment of the entered values, nor does section 14.3 (*i*), *supra*, contemplate such amendment.

Inasmuch as there has been no showing that the action of the appraiser in failing to withhold appraisement resulted in an injury to the plaintiff, it would seem that no useful purpose would be served by a decision on the merits in this case. However, plaintiff points to the Customs Administrative Act of 1938, which amended section 501 of the Tariff Act of 1930, and claims that if the appraisement is void the provisions of that act are applicable.

Said section 501, insofar as applicable here, was amended by adding a new subsection (c) which is in the following language:

(c) If upon the hearing of a protest, the United States Customs Court shall declare an appraisement of merchandise made after the effective date of the Customs Administrative Act of 1938 to have been invalid or void, it shall remand the matter to a single judge, who shall proceed to determine the proper dutiable value of such merchandise in the manner provided for by this section. In such proceeding no presumption of correctness shall attach to the invoice or entered values.

Defendant's rejoinder to this claim is that the appraisement was not void for the reason that section 14.3, *supra*, is not mandatory.

It is the opinion of the court, and we so hold, that the appraiser's failure to withhold appraisement until the final decision in the test case was an error of judgment which rendered his appraisement erroneous to that extent rather than null and void. We have arrived at this conclusion because we do not consider the language used in said section 14.3 (*g*) mandatory but merely permissive. Said section in subsection (*i*) set forth above permits amendment of the entry where the final decision of the court in the test case does not sustain the views of the examiner. Under the circumstances of this case, the final decision did sustain the views of the examiner and appraiser. Therefore, no injury to the plaintiff resulted from the appraisement and liquidation. In justice to the plaintiff it is noted that its brief was filed prior to the final decision in the test case.

Plaintiff's claims are overruled. Judgment will be rendered for the defendant.